**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION** 2012 JUL 17 AM 11: 39

FILED

ESTERS WILLIAMS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        CIVIL ACTION NO.: CV511-106
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
            Defendant.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying her claims for Disability Insurance Benefits, Period of Disability, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or in the alternative, to remand the decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for Disability Insurance Benefits, Period of Disability, and Supplemental Security Income on September 23, 2008, alleging that she became disabled on July 15, 2006, due to back pain, numbness in the right hand, and carpal tunnel syndrome. (Tr. at 261). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On March 10, 2010, ALJ Ellis conducted a video hearing at which Plaintiff, who was represented by counsel,

appeared and testified. At the hearing, Plaintiff alleged disability due to degenerative disc disease, carpal tunnel syndrome, depression, knee problems, and back and hand problems. (Tr. at 60-61). Plaintiff amended her date of disability to July 1, 2008. (Tr. at 54). Kenneth Bennett, an impartial vocational expert, was also at the hearing. ALJ Ellis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 21). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1-3).

Plaintiff, born on July 26, 1965, was forty-five (45) years old when ALJ Ellis issued his final decision. (Tr. at 22, 201). She has a high school and technical college education. (Tr. at 57-58). Plaintiff's past relevant work experience includes employment as a hairstylist, cook helper, deli cutter/slicer, telephone solicitor, children's institution attendant, and survey worker. (Tr. at 65-66).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether

the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not participated in substantial gainful activity since the alleged onset date. (Tr. at 16). At Step Two, the ALJ determined that Plaintiff had degenerative disc disease in the cervical spine and the lumbar spine, degenerative joint disease, a history of carpal tunnel syndrome and ulnar tunnel syndrome, and obesity, conditions considered "severe" under the Regulations. Id. However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 16-17). The ALJ found that Plaintiff had the residual functional capacity to perform work at the light exertion level with the following limitations: lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6

hours; sit for 6 hours; never climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to hazards such as machinery, heights, and similar circumstances (Tr. at 17). At the next step, ALJ Ellis noted Plaintiff was able to perform her past relevant work as a hairstylist, deli cutter/slicer, telephone solicitor, and survey worker, as these occupations are generally performed throughout the national economy. (Tr. at 20). In the alternative, the ALJ also found that Plaintiff could perform other work that exists in significant numbers in the national economy. (Tr. at 21). Ultimately, the ALJ found that Plaintiff was not disabled. Id.

## ISSUES PRESENTED

Plaintiff contends that the ALJ's determination is not supported by substantial evidence. Plaintiff specifically alleges that the ALJ erred by: 1) failing to consider the medical evidence of her left knee, cervical and lumbar spine computed tomography (CT) scans and magnetic resonance imaging (MRI) tests, and possible recurrent right carpal tunnel syndrome in relying on consultative and reviewing non-examining doctors' opinions who had not reviewed that objective medical evidence; and 2) refusing to order a neurological consultative evaluation to test for recurrent carpal tunnel syndrome or a consultative orthopedic evaluation of the recent left knee X-ray and cervical and lumbar CTs and MRIs.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d

1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **ALJ's Failure to Consider Medical Evidence in Relying on Consultative and Reviewing, Non-Examining Physicians' Opinions**

Plaintiff asserts that the ALJ should not have given substantial weight to the opinions of Drs. Hein, Pappas, Williams, and Walker because they were either consultative or reviewing, non-examining physicians who did not consider all of the objective medical records. Plaintiff contends that, since the ALJ gave the opinions of these physicians substantial weight, his decision is not supported by substantial evidence.

"[A] written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing . . . and may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant." Richardson v. Perales, 402 U.S. 389, 402 (1971). Generally, the opinion of an examining physician is entitled to more weight than the opinion of a non-examining physician. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985). While the opinion of an examining physician is accorded substantial weight, it is not necessarily dispositive on the issue of disability. Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987). A non-examining doctor's report is accorded little weight if it contradicts that of an examining doctor's report, and standing alone, cannot constitute substantial evidence. Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). However, if the report of the non-examining doctor is not contradictory to the report of the examining doctor, it is not error for the ALJ to rely on the non-examining doctor's report. See id. at 585. In his decision, the ALJ must state with particularity the weight given different medical opinions and the reasons therefore, as failure to do so is reversible error. Sharfaz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

First, the ALJ considered and allotted substantial weight to the opinion of Dr. Douglas Hein because he provided treatment to Plaintiff. (Tr. at 19). Plaintiff asserts that doing so was error because Dr. Hein is a consultative examiner and did not have Plaintiff's most recent medical testing available in making his assessment. In September 2008, Dr. Hein noted Plaintiff's complaints of back pain and her relevant medical history, including both prior unavailable radiographs and a July 2007 MRI

AO 72A
(Rev. 8/82)

showing a small L5-S1 central disc protrusion without neural compression. (Tr. at 610).

After examining Plaintiff and considering her medical records, including objective medical testing, Dr. Hein opined that Plaintiff suffered from degenerative disc disease with a small herniation. Id. Dr. Hein concluded that neither aggressive treatment nor imaging studies were needed at that time and only recommended an exercise program and weight moderation. Id. In November 2009, Dr. Hein opined that Plaintiff was restricted in her ability to bend, lift, and climb, but should be capable of light to moderate physical activity. (Tr. at 609). Although the ALJ gave Dr. Hein's opinion significant weight, he did not adopt the opinion because Dr. Hein failed to specify the exact parameters of Plaintiff's capabilities and to indicate whether his usage of the terms "light" and "moderate" conformed to Social Security disability determinations. (Tr. at 19). Since the record shows that Dr. Hein's opinion is supported by his examination and treatment of Plaintiff and her medical history, including objective medical tests, the ALJ did not err in giving Dr. Hein's opinion substantial, but not dispositive, weight in his determination.

Second, the ALJ considered the opinion of consultative examiner Dr. Stephen Pappas, who specified his findings as to Plaintiff's physical work capabilities as follows: can occasionally lift or carry up to twenty pounds; can sit for eight hours at a time; can stand for three hours at a time; can walk for two hours at a time; and can never climb ladders or scaffolds. (Tr. at 882-88). The ALJ stated that he gave Dr. Pappas' opinion significant weight because it was made after an examination of Plaintiff during which first-hand knowledge of her capabilities was obtained. (Tr. at 19). Plaintiff contends this reliance was error because the consultative examiner did not have any of her previous

medical records and failed to perform nerve conduction studies of her upper extremities as requested.

While Dr. Pappas did not have Plaintiff's most recent lumbar MRI, he did make note of the reported findings of a bulging disk and opined that Plaintiff's chronic back pain was most likely associated with such finding. (Tr. at 873). On June 1, 2010, Dr. Pappas conducted an electromyography (EMG) test and nerve conduction studies of Plaintiff's right lower extremity based upon her complaint of persistent lumbar area pain, and the results were normal. (Tr. at 872-88). Dr. Pappas made no note of any complaints by Plaintiff of problems with her upper extremities or symptoms of carpal tunnel syndrome, only noting her complaint of low back pain. (Tr. at 873). Indeed, Dr. Pappas observed that Plaintiff exhibited full motor strength throughout with normal muscle tone, no atrophy, and no fasciculation. Id. Furthermore, Dr. Pappas noted that Plaintiff's fine and gross manipulation and the functional use of her extremities were okay. Id. Dr. Pappas' opinion is supported by his own observations of Plaintiff, the results of the objective medical tests he performed, and knowledge of Plaintiff's medical history. (Tr. at 872-888). Thus, the ALJ properly relied on the opinion of Dr. Pappas in making his decision.

Next, the ALJ considered the opinions of two non-examining, state agency medical consultants, Dr. Robert Williams and Dr. Everett Walker. The ALJ gave both opinions significant weight but accorded more weight to Dr. Williams' opinion because it was more consistent with the treating and examining sources discussed above. (Tr. at 19). Plaintiff contends that the ALJ erred in relying on these sources because Drs.

Williams and Walker did not examine her, consider her testimony, or have all the medical evidence to consider. (Tr. at 19).

On December 5, 2009, Dr. Williams completed a physical residual functioning capacity assessment and concluded that Plaintiff could perform light work with no climbing of ladders, ropes, or scaffolds, and no concentrated exposure to hazards. (Tr. at 842-49). On November 14, 2008, Dr. Walker completed a physical residual functioning capacity assessment and concluded that Plaintiff could perform light work with slight limitations on climbing and no limitation on exposure to hazards. (Tr. at 612-19). The record reflects that Drs. Williams and Walker supported their opinions by reviewing the medical evidence that existed at the time of their respective assessments. Each of these physicians considered Plaintiff's complaints, medical history, diagnoses, and objective medical tests in forming an assessment of her physical capabilities. (Tr. at 843, 619). The ALJ properly relied on the opinions of Drs. Williams and Walker because state agency consultants are considered experts in Social Security disability evaluation, and as such, the ALJ must consider their opinions. See 20 C.F.R. §§ 404.1527(f)(2)(i); 416.927(f)(2)(i).

Lastly, the ALJ stated that he considered the entire record in making his decision, and this would include the most recent medical testing which the reviewing physicians did not have the opportunity to review. (Tr. at 14, 16). Because the ALJ considered Plaintiff's entire medical record and properly relied on the opinions of both examining physicians and state agency consultants, the ALJ's decision is supported by substantial evidence.

## II. ALJ's Failure to Order Consultative Evaluations of Upper Extremities

Plaintiff also alleges that the ALJ failed to properly develop the record as he did not order a nerve conduction study of her upper extremities for possible recurrent carpal tunnel syndrome. The ALJ has the basic obligation to fully and fairly develop the record, as his role is to develop the facts of the case. Cowart v. Schwieker, 662 F.2d 731, 735 (11th Cir. 1981). 20 C.F.R. §§ 404.1517 and 416.917 provide that the ALJ may order a consultative evaluation if sufficient medical evidence cannot be obtained from other medical sources to enable the ALJ to render a disability determination.

Here, the ALJ did not find it necessary to order a consultative evaluation of Plaintiff's upper extremities or an additional consultative orthopedic exam. The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of symptoms from her impairments were not credible to the extent they were inconsistent with the medical record. (Tr. at 18). The ALJ also found that Plaintiff's claims of significant limitations were not entirely credible, as evidence in the record showed her symptoms were not as constricting as she alleged. Id. For instance, Plaintiff completed a physical examination in June 2010 during which she exhibited full motor strength throughout with normal muscle tone, no atrophy or fasciculation, and a wide based, but stable gait. (Tr. at 872-88). Further, the ALJ noted that the record contains no documented complaints or difficulties with hand numbness from October 2007 until February 2010, which reduced Plaintiff's credibility regarding such difficulties. (Tr. at 18-19, 452, 535, 852). As the record is largely void of significant complaints regarding hand numbness, the ALJ properly did not order a nerve conduction study of the upper extremities. The record shows that the ALJ did properly consider Plaintiff's

history of carpal tunnel in combination with her other impairments in making his decision. In conclusion, the ALJ has properly developed the record, and substantial evidence supports the ALJ's finding that Plaintiff is not disabled

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this ___17th___ day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE